**Willie Joe GLADSON, Appellant,**

v.

**STATE of Tennessee, Appellee.**

Court of Criminal Appeals of Tennessee.

Nov. 17, 1978.

Certiorari Denied by Supreme Court Feb. 20, 1979.

William W. Petty, Knoxville, for appellant.

William M. Leech, Jr., Atty. Gen., Charles L. Lewis, Asst. Atty. Gen., Nashville, Ronald A. Webster, Dist. Atty. Gen., James R. Dedrick and William H. Crabtree, Asst. Dist. Attys. Gen., Knoxville, for appellee.

OPINION

BYERS, Judge.

The appellant was convicted of murder in the second (2nd) degree and sentenced to serve ten (10) years.

The appellant says the evidence preponderates against the verdict and says two (2) slide pictures of injuries to the deceased were erroneously admitted into evidence.

We are of the view the introduction of the pictures was erroneous and, therefore, reverse the judgment of the trial court and remand this case for a new trial.

On March 26, 1977, between 11:30 p. m. and 12:00 midnight Robert Stout received injuries to his head in a confrontation with the appellant which resulted in his death. The appellant was the only living eyewitness to this event and claimed he acted in self-defense to repel an attack upon him by the deceased.

The State's case relied primarily upon the circumstances of the death and whatever inferences the jury might draw from the facts, including any inferences drawn from the use of a stick to inflict the wounds and the testimony of a woman who did not see the altercation but heard words and noises indicative of conflict.

In the absence of the two (2) slide pictures, we are of the opinion the evidence would be sufficient to support the jury verdict. However, we are unable to say this introduction did not affect the jurors' view of the evidence.

One of the pictures was a view of the cranial bones after removal of the deceased's hair. The pathologist scalped the deceased to reveal the cranial bone and then took a picture of this bone.

The other picture complained of was a view of the deceased's brain. This picture was made after the cranial bone, exposed in the scalping procedure, was removed.

The State insisted in the face of objection to the introduction of these pictures they were offered because there was a dispute as to the cause of death. They based this on questions elicited to determine if the deceased had been struck on the head by a pop bottle earlier in the day on which he died.

The appellant's attorney stated the appellant would concede the death was as a result of the injuries received in the altercation between him and the deceased, and offered to stipulate this with the State.

The State refused to agree to such stipulation.

It is true both sides must agree to effect a stipulation. However, the State, by refusing to stipulate, cannot make inadmissible and inflammatory evidence admissible or noninflammatory. The basic fallacy in the State's premise is the failure of these pictures to bear significantly on their claim of admissibility. The medical proof shows the death was a result of the injuries received. The appellant concedes the deceased received these injuries as a result of an altercation with him. The State had already introduced pictures showing the wounds prior to the surgical revelation of the cranial bones and brain, these pictures added nothing to this evidence. These pictures are inflammatory, irrelevant and unnecessary. *State v. Banks*, 564 S.W.2d 947 (Tenn.1978).

We cannot say these pictures did not inflame the jury to a degree which might well have caused them to reject the plea of self-defense or to not consider the offense of manslaughter.

WALKER and O'BRIEN, JJ., concur.